**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| STEVE R. BARNES | § |
| | § |
| | § CIVIL ACTION _____ |
| vs. | § |
| | § JURY REQUESTED |
| | § |
| PROVIDENT LIFE AND ACCIDENT | § |
| INSURANCE COMPANY | § |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, STEVEN R. BARNES, Plaintiff, complaining of PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant, in order to show the Court as follows:

### A. PARTIES

1. Plaintiff is an individual who resides in Smith County, Texas.

2. Defendant is an insurance company, organized under the laws of the State of Tennessee, having its principal place of business at 1 Fountain Squire, Chattanooga, Tennessee. Defendant is licensed to do business in the State of Texas. Defendant may be served through its designated agent for service of process in Texas, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Travis County, Texas 78701.

3. Plaintiff seeks monetary relief in excess of $75,000.00; therefore this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1). Defendant has the capacity to sue and be sued in the State of Texas; therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1). Alternatively, venue is proper because a substantial part of the actions giving rise to

the claims asserted occurred in this district, 28 U.S.C. § 1391(b)(2), and because the defendant is subject to this Court's personal jurisdiction with regard to this action. 28 U.S.C. § 1391(b)(3).

## B. BACKGROUND FACTS

4. Plaintiff worked for Discount Tire Co., Inc. ("Discount Tire") for approximately 32 years (1984 to 2016). During the time he was employed by Discount Tire, Plaintiff purchased three (3) individual disability insurance policies from Defendant. By the time he became incapable of performing his job duties in 2016, he was an assistant vice-president of the company.

5. On March 1, 2004, Defendant issued its insurance policy number 7918516 naming Plaintiff as the person insured and promising Plaintiff a base monthly benefit of $7,500 in the event of total or partial disability. The disability benefit is represented to commence after a 180 day "elimination period" beginning at the onset of a disability and continuing until Plaintiff's 65th birthday. The stated premium on this policy is $276.76 per month ($830.03 quarterly). A true and correct copy of this insurance policy is attached as **Exhibit A**.

6. On March 1, 2004, Defendant issued its insurance policy number 5148488 naming Plaintiff as the person insured and promising Plaintiff a base monthly benefit of $5,000 in the event of total or partial disability. The disability benefit is represented to commence after a 180 day "elimination period" beginning at the onset of a disability and continuing until Plaintiff's 65th birthday. The stated premium on this policy was $276.76 per month ($830.03 quarterly); however, effective April 1, 2007, the premium was reduced to $221.34 per month ($664.02 quarterly). A true and correct copy of this insurance policy is attached as **Exhibit B**.

7. On January 1, 2006, Defendant issued its insurance policy number 5172846 naming Plaintiff as the person insured and promising Plaintiff a base monthly benefit of $300 in

the event of total or partial disability; however, the monthly benefit amount has been revised several times over the policy period. As of February 1, 2014, the monthly benefit amount had been increased to $7,500. The disability benefit is represented to commence after a 180 day "elimination period" beginning at the onset of a disability and continuing until Plaintiff's 65th birthday. The stated premium on this policy was $34.58 per month ($103.94 quarterly); however, the premium amount has been revised several times over the policy period. As of February 1, 2014, the premium had been increased to $254.38 per month ($764.60 quarterly). A true and correct copy of this insurance policy is attached as **Exhibit C**.

8. In early 2016, Plaintiff became unable to perform the material and substantial duties of a major corporate executive. Plaintiff's inability to perform his job duties was attributed to a severe sleep disorder, anxiety, and stress. The conditions contributing to Plaintiff's disability arose during the policy period. Plaintiff was unsuccessful in his attempts to overcome those illnesses. Ultimately, Plaintiff made a claim for disability benefits under all three insurance policies asserting May 25, 2016 as the onset of his disability. Plaintiff provided timely notice and proof of disability as required by each insurance policy. At the time of the onset of his disability all three (3) policies were in force. All conditions precedent to Plaintiff's entitlement to benefits required by the policies have been met.

9. On February 20, 2017, after reviewing extensive medical records provided by Plaintiff, Defendant approved Plaintiff's total disability claim and commenced paying benefits. However, shortly thereafter, Defendant required Plaintiff submit to an independent medical examination. On March 30, 2017, with the only new information being the opinion of the psychiatrist who performed that examination, Plaintiff reversed its prior approval of Plaintiff's claim. As of March 30, 2017, Defendant ceased paying benefits to Plaintiff.

10. In the March 30, 2017 reversal of its prior claim approval, Defendant represented to Plaintiff that the policies in question were part of an employee welfare benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. In doing so, Defendant ignores the following facts: (a) that Plaintiff did not obtain any of the policies under which he is entitled to disability benefits through a plan maintained by Discount Tire; (b) the insurance coverage offered by Defendant under the policies at issue was not part of any group plan or policy; (c) Plaintiff's insurance applications were made directly to Defendant; (d) the three (3) individual disability insurance policies were issued directly to Plaintiff; (e) all premiums for disability insurance coverage were paid by Plaintiff from his after-tax compensation; (f) no contributions towards Plaintiff's insurance coverage were paid by Discount Tire; (g) Plaintiff's election to purchase the insurance policies at issue was completely optional and voluntary on his part; (h) Discount Tire had no role in the administration, supervision, or management of the policies issued by Defendant; (i) the policies at issue were not part of any employee benefit program maintained by Discount Tire Company; and (j) Discount Tire Company received no consideration in conjunction with the insurance policies at issue.

11. Despite the inapplicability of ERISA to the policies issued Plaintiff by Defendant, Plaintiff exercised the opportunity for appellate review of Defendant's reversal of its prior approval of his claim. Plaintiff appealed in a timely manner. On June 7, 2017, Plaintiff was informed that the Defendant deemed him to no longer be disabled and that his ability to perform the duties of his occupation had been restored. Thus, Defendant determined that it had correctly reversed its prior approval of Plaintiff's claim.

12. By letter dated July 21, 2017, Plaintiff gave notice to Defendant of claims for unfair settlement practices and misrepresentations of policy benefits as required by Texas

Insurance Code § 541.154.  Plaintiff also gave notice of breach of contract, breach of duty of good faith and fair dealing, and deceptive trade practices.  A true and correct copy of Plaintiff's claim notice is attached and incorporated as **Exhibit D**.  Defendant has made no attempt to utilize any of the options provided it in Chapter 541 of the Texas Insurance Code to abate or resolve Plaintiff's claims without litigation.  Defendant continues to fail and refuse to pay Plaintiff in accordance with the insurance policies.

### C.    CAUSES OF ACTION

13.    Based on the facts set forth above, Plaintiff seeks monetary relief from Defendant on the causes of action listed below.

**Breach of Contract**

14.    Plaintiff is entitled to disability benefits under the terms of the attached insurance policies.  Plaintiff timely provided proof of disability as required by each policy.  Defendant has failed to comply with its contractual obligations to Plaintiff as specified in those insurance policies.  Defendant's failure to fulfill its contractual obligations has produced damages for which Plaintiff is entitled to compensation.

**Unfair Settlement Practices**

15.    After having received notice of Plaintiff's claim, Defendant engaged in several unfair settlement practices, as enumerated and defined as unfair or deceptive in § 541.060(a) and § 542.003(b) of the Texas Insurance Code.

   a.    By refusing to pay Plaintiff's claims despite his inability to perform his job duties due to disability, Defendant has misrepresented policy provisions and facts relating to coverage.

  b. By completely disallowing Plaintiff's claims despite the medical information provided in support of his claims, Defendant has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability had become reasonably clear.

  c. By its reliance solely on the independent medical examination performed by its selected psychiatrist as its basis for disallowing Plaintiff's claim, in light of the vast medical information provided in support of his claims, Defendant has failed to provide a reasonable explanation of the basis for denial of Plaintiff's claims.

  d. By its reliance solely on the independent medical examination performed by its selected psychiatrist as its basis for disallowing Plaintiff's claims, Defendant has refused to pay Plaintiff's claims without conducting a reasonable investigation.

16. Plaintiff will show that these acts and omissions on the Defendant's part were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, Plaintiff is entitled to an additional award from the trier of fact of up to three times the sum of actual damages suffered.

**Misrepresentation of Policy Benefits**

17. Further, Defendant engaged in deceptive trade practices prohibited by § 17.46(b) of the Texas Business Commerce Code. TEX. INS. CODE § 541.151(2). Moreover, Defendant has misrepresented the terms of Plaintiff's insurance policies in violation of § 541.051(1) and § 541.061 of the Texas Insurance Code, as listed below.

  a. Defendant represented that Plaintiff would be paid his bargained for insurance benefits in the event he became unable to perform his job duties due to an illness suffered during the policy term. Defendant also represented that Plaintiff's policy

premiums would be waived in the event he became unable to perform his job duties due to an illness suffered during the policy term. Defendant's refusal to allow Plaintiff's claims amounts to (a) confirmation that the policy did not provide Plaintiff with the rights and remedies represented and (b) confirmation that the policy did not confer obligations on Defendant as represented to Plaintiff.

b. Further, Defendant wholly failed to disclose to Plaintiff: (a) that it would disallow his claim on the basis of an uncorroborated medical opinion, and (b) that he could become unable to perform his job duties due to a disability suffered during the policy term and not be provided with his contracted for policy benefits.

**Breach of Duty of Good Faith and Fair Dealing**

18. From and after the time Plaintiff's claim was presented to Defendant, the Defendant's liability to pay the claim in accordance with the terms of the insurance policies attached are Exhibits A, B, and C, was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of the Plaintiff's claim, the Defendant reversed its approval of the claim and refused to pay the Plaintiff as the policies required. At the time Defendant reversed its allowance of the claim, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Plaintiff will show that Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as a subterfuge to avoid paying a valid claim.

19. Consequently, the Defendant breached his duty to deal fairly and in good faith with the Plaintiff. The Defendant's breach was a proximate cause of losses, expenses, and damages suffered by the Plaintiff.

**Violation of Prompt Payment Statute**

20. Defendant previously recognized Plaintiff's entitlement to benefits based on an occurrence date of May 25, 2016, with benefits payable commencing on November 21, 2016 (180 days after May 25th). Thereafter, rather than promptly pay the claim as required by law, Defendant reversed its approval of Plaintiff's claim and rejected Plaintiff's claim, thereby ceasing further payments as promised by the policies' terms. More than 60 days have elapsed from the time that Defendant received all the items necessary to process Plaintiff's claim, however, the claim has not been paid by Defendant.

**Failure to Pay Benefits in Accordance with Employee Welfare Benefit Plan**

21. Plaintiff brings this cause of action in the alternative should one or more of the policies at issue is determined to be part of an employee welfare benefit plan covered by ERISA. As to any policy at issue deemed to be covered by ERISA, Plaintiff brings a claim for civil enforcement under 29 U.S.C. § 1132(a)(1)(B). In accordance with the terms of the policies at issue, Plaintiff properly made a claim for disability benefits. Although Plaintiff's claim was initially approved, it was later rejected on the basis that Defendant had recovered from the covered disability. Subsequent to the rejection of his claim, Plaintiff brought a timely appeal and exhausted all applicable administrative remedies. Accordingly, Plaintiff is entitled to disability benefits under the terms of the policies and Defendant is wrongfully denying Plaintiff those benefits.

## D. MONETARY RELIEF SOUGHT

22. **Policy Benefits**. Plaintiff is entitled to recover policy benefits on his claims for breach of contract, unfair settlement practices, misrepresentation of policy benefits, breach of and duty of good faith and fair dealing, and ERISA. Defendant's conduct was the producing and proximate cause of the injuries described below.

    a. **Disability Benefits**. Plaintiff will become 65 on April 11, 2023. His entitlement to benefits vested on November 21, 2016. Between November 21, 2016 and April 11, 2023, Plaintiff should receive a total benefit over 78 months in the amount of $1,560,000.00. Prior to reversing approval of Plaintiff's claim, Defendant paid $86,667 in disability benefits. After deducting the benefits paid, Plaintiff is still owed $1,473,333 in disability benefits. Despite timely notice presenting Plaintiff's claim in accordance with the policy requirements, Defendant has failed and refused to honor its obligations under the policies.

    b. **Waiver of Premium Benefits**. Plaintiff has continued to keep each policy in force and effect making premium payments totaling $833.76 per month. However each insurance policy is supposed to have a waiver of premium benefit; therefore, Plaintiff should be reimbursed for his insurance premiums for each month after his waiver of premium benefit should have been allowed.

23. **Enhanced Damages**.

    a. **Mental Anguish**. Plaintiff is entitled to mental anguish damages on his claim for breach of the duty of good faith and fair dealing, for an unfair settlement practice committed knowingly, and for misrepresentation of policy benefits committed knowingly. Plaintiff has suffered severe and crippling mental anguish stemming from

Defendant's knowing misconduct as described above, with the result that the Plaintiff has been unable to conduct the normal day-to-day affairs of business and personal life without extreme difficulty, pain, and anxiety. Plaintiff's mental anguish is of a sufficient nature, duration, and severity as to warrant compensation. Plaintiff is entitled to recover for mental anguish proximately caused by the wrongful denial of his claim. Plaintiff is entitled to recover for mental anguish produced by an unfair settlement practice committed knowingly and for mental anguish produced by misrepresentations of policy benefits committed knowingly.

      b.    **Lost Profits**. Plaintiff is entitled to recover lost profits on his claims for wrongful claim settlement practices and misrepresentation of policy benefits in an amount sufficient to compensate him for the loss of the use of policy benefits from the time those benefits should have been paid until the time of trial.

      c.    **Liquidated Damages**. Plaintiff is entitled to recover liquidated damages his claims for wrongful claim settlement practices and misrepresentation of policy benefits. Plaintiff contends acts and omissions on the part of the Defendant where done knowingly, that is with an actual awareness of falsely, unfairness, or deception of the conduct described. Consequently, Plaintiff requests that the trier of fact award Plaintiff additional damages of up to three times the sum of actual damages suffered. TEX. INS. CODE § 541.152(b). Plaintiff is also entitled to recover the additional sum of 18% per anum on Plaintiff's damages from November 21, 2016 until the day before the judgment is signed. TEX. INS. CODE §§ 542.060(a), 542.061.

      d.    **Exemplary Damages**. Plaintiff is entitled to exemplary damages on his claim for breach of the duty of good faith and fair dealing. The breach of duty by the

Defendant was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages. The Defendant's conduct involved an extreme degree of risk and potential harm to the Plaintiff and, despite the Defendant's being actually and subjectively aware of the risk involved, the Defendant proceeded with conscious indifference to rights, safety, and welfare of the Plaintiff and others. The Plaintiff, therefore, seeks exemplary damages in the amount to be assessed by the trier of fact, subject to any statutory limitations. TEX. CIV. PRAC. & REM. CODE §§ 41.003(a), 41.008(b).

24. **Attorneys' Fees**. Because of the conduct of the Defendant, the Plaintiff has been compelled to engage the services of an attorney to prosecute this action. Plaintiff is entitled to recover reasonable attorneys' fees for his breach of contract claim pursuant to § 38.001 of the Texas Civil Practice & Remedies Code. Plaintiff is entitled to recover reasonable attorneys' fees for his wrongful claim settlement practices claim and his misrepresentation of policy benefits claim pursuant to § 541.152(a)(1) of the Texas Insurance Code. Plaintiff is entitled to recover reasonable attorneys' fees for his prompt payment claim pursuant to § 542.060 of the Texas Insurance Code, and to have those fees taxed as costs. Plaintiff is entitled to recover reasonable attorneys' fees for his ERISA claim pursuant to 29 U.S.C. § 1132(g)(1).

### E.  PRAYER

Wherefore, premises considered, Plaintiff requests that Defendant be summoned to appear and answer and that, upon final trial of this cause, Plaintiff recover judgment against Defendant for all damages suffered by Plaintiff including, but not limited to unpaid policy benefits, mental anguish, lost profits, liquidated damages, exemplary damages, attorneys' fees,

costs of suit, prejudgment interest, and postjudgment interest. Plaintiff also seeks all other and further relief to which he may be justly entitled, including general relief.

                    RESPECTFULLY SUBMITTED,

                    J. BENNETT WHITE, P.C.
                    P. O. Box 6250
                    Tyler, TX 75711
                    jbw@jbwlawfirm.com
                    Telephone No. (903) 597-4300
                    Telecopier No. (903) 597-4330

                    */s/ J. Bennett White*

                    J. BENNETT WHITE
                    Texas Bar No. 21309800